The next case is U.S. v. Romo. Good morning. Good morning, Your Honors. May it please the Court, Russ Hart with the Federal Defenders of Montana for the appellant Felice Romo. We have an applicable policy statement that we did not have when the briefing was taking place in this case. 3553A is the first consideration in the 1B1.3 analysis under both the 2021 guidelines and the amended statute. Section 3 of the 2021 statute and Section A of the 2023, pardon me, guideline require the Court to first examine 3553A, then consider whether extraordinary and compelling circumstances warrant reduction, presumably in light of those considerations. There's no finding that's required under the 3553 analysis. But in this case, Mr. Romo is a person who, as the guidelines are applied today, they tell us he should be out. The 2023 amendment does not prohibit a court from considering a change in law under 3553A. That did not change. The current policy statement prohibits courts from considering a change of law in the extraordinary and compelling circumstances prong of the analysis, not in 3553A, which is required to come first. The district court in this case did not consider the guidelines, pardon me, the change in the guidelines as they applied to Mr. Romo when it denied his original motion. Recent case law from this court makes clear that that is a valid consideration. I would submit to the court that when it comes to 3553A, the fact that we would sentence Mr. Romo differently today suggests that the sentence he is currently serving is greater than necessary to achieve the aims of 3553A. So is your argument then that the district court didn't sufficiently grapple with 3553 because the district court articulated his reasons why under 3553 he's not entitled to a downward reduction? So it seemed to me that the district court, within the district court's discretion, grappled with 3553A factors and whether those factors warranted a reduction in sentence in this case. Your Honor, the court did not address the guideline change. They did not address his vacated convictions or the fact that his guideline range would be significantly different where he's sentenced today. And I think that's the main consideration. Are you asking that we apply the new guideline? Your Honor, I grappled with that myself. We have contended that the district court made an error. If our relief were granted, it would be remanded back down to the district court. But if under the new guideline, you would lose, right? Because it wouldn't be . . . Because otherwise you wouldn't be resentencing him at all. Correct, Your Honor. Under either guideline, 3553A comes first. Well, wait a minute. If somebody makes a motion, I may be confused, but to . . . for a resentencing and claims an extraordinary and unusual and compelling reason, and he doesn't have one, and under the new guideline he wouldn't have one, is that so far correct? Then there's no resentencing and there's no . . . Why would 3553A come up at all? He's just . . . he goes back to prison. He doesn't have . . . there's no resentencing. Well, Your Honor, I think I have a question of whether this motion is based purely on a change of law, this issue in the motion. And when I look at the United States v. Roper, this court analyzed that case as a change in law. They looked at State v. Blake, which held that the statute of conviction was unconstitutional, and determined that that change in law should be considered. In Mr. Romo's circumstances, Mr. Romo is not basing this just on State v. Blake. Mr. Romo has judicial orders vacating both of those convictions. The fact of those convictions has changed. Your Honors, I think under the new guideline, Mr. Romo would fall under the catch-all. But that . . . I think that just goes back to the question that Judge Winn asked you, because even if we agree with you that all of that is an extraordinary and compelling circumstance, then the district court still has to apply 3553A, and it seems to have done that in about two pages of discussion of why the factors don't call for a lower sentence. So even if we agree with you on everything else, you still need to convince us that that was an abuse of discretion, right? Yes, Your Honor. Okay. The court focused entirely on a couple of things. It focused on, number one, the conduct, the offense conduct. There was a lengthy discussion of the offense conduct. And then it stated it has been reduced once already, and that was a first-step adjustment. It did not analyze, under 3553A, the vacated convictions other than to . . . I mean, it focused that analysis under the extraordinary and compelling circumstances. Right, but it enumerated all the factors, right, at the beginning of that discussion, right? Correct. It set out what the statute is. And absent some reason to think that the district court was ignoring some of them, we normally presume that the court understood the law and applied the law. And it's allowed, isn't it, to decide that one of the factors is particularly significant in a case and to focus on that one? Can't it do that? It could do that, Your Honor. I would submit that in this circumstance, you have an individual who, if we were to apply the guidelines when he was sentenced, as we do today, he is serving a sentence that is greater than necessary to achieve the aims of 3553A. That's a math issue. I mean, his guideline range was significantly higher than we would sentence him to today. Well, significantly higher than the guidelines. He could still be sentenced for that. He could be. The court did not articulate a basis in which it would have gone over the applicable guideline range when it sentenced him. And that is, when we look at 3553A, I mean, it requires us to look at the whole person. We focused, in this case, I believe in the district court order, on Mr. Romo 10 years ago when this offense was committed. And when it did analyze it under the extraordinary and compelling circumstances, the court stayed married to that guideline, the inapplicable policy statement, which we do have an applicable policy statement today. Your Honor, I see that I'm coming up on two minutes here. I did not ask at the beginning, but I'd like to ask to reserve the remainder of my time. Certainly. Thank you. Thank you. Good morning. May it please the Court. Zeno Bacchus from the District of Montana on behalf of the United States. I'd like to pick up with Judge Nguyen and Judge Miller's questions as to my opposing counsel. Really, this goes to the abuse of discretion standard applied here in the district court's application of the 3553 factors to Mr. Romo. The court did a thorough analysis of those factors in exercising the discretion. As this court knows, that is just one step. I didn't do a thorough analysis because there was a specific argument made that the fact that the guideline would be considerably lower now was a relevant factor, and you didn't mention that in the 3553A discussion, right? Correct, Your Honor. So is that a problem? I don't believe it is. I think implicitly in the district court's analysis of the 3553 factors, that analysis was there. The district court did address the seriousness of the offense extensively, as Judge Miller alluded to. I believe by implication that justifies the sentence with respect to what would be arguably a lower guideline range. Moreover, here, the district court also evaluated whether extraordinary and compelling circumstances were warranted. The district court acknowledged that Mr. Romo's criminal history may be, may be less. As a result, his guideline range may be less if he's resentenced. It acknowledges— I thought it would be. Why may be? Well, he was not resentenced. He probably would be. But again, there was no official guideline calculation that was done. I think we can sit here today and understand it would be different. But the district court acknowledged its discretion under Chen that non-retroactive changes in sentencing law allows it to have or consider those changes. It doesn't mean it has to, but it's allowed to consider. And the district court did that. I thought he didn't acknowledge that. I'm sorry, Your Honor? I thought he did not acknowledge that. I'm not sure what you're arguing. Are you arguing that his extraordinary and compelling reasons decision was not an error? I don't believe it was, no, Your Honor. You don't think it was? I don't believe it was, no. Because, again, the district court applied the law at the time. It considered that his guideline range would be lower. It acknowledged that it had the discretion under Chen, and now Roper, frankly, which was ruled after. I thought what he said was they didn't have the discretion because it was only a case law and it wasn't a guideline, and therefore he couldn't do it and he wouldn't do it. Oh, I think it's a little un- And then he said, but even so, even if it was an extraordinary and compelling reason, the 353A factors would suffice. I think you're right, Your Honor. It's a little unclear as the district court whether she thought she had the right to find that the changes in the sentencing was an extraordinary and compelling reason, but she acknowledged even under the catch-all provision of 1B13, it does not apply. But, again- And what I was asking you is, assuming that she was, did err under Roper with regard to the extraordinary and compelling circumstances, and then she said even so, and she did the 35538, but when she did that, she did not acknowledge the fact that he would have been now sentenced, or his guideline would be considerably lower now as part of the 35538 factors. That argument was made specifically to her. She did not respond to it. Is that a problem? It would be a problem, Your Honor, but I contend she implicitly did respond to that. I think when she talked about the seriousness of the offense, when she did acknowledge that his guideline range would be lower, when she, for a couple pages, went on as to the nature of his conduct, that he was a felon when he possessed a firearm as a drug enforcer in a conspiracy that involves Washington State and Montana, she was implicitly acknowledging that it was an upward variance under the new guideline range. Can you show me where you think she said that? She acknowledges Mr. Romo was heavily involved in distribution of drugs. Yeah, page 5. What page were we on? I'm sorry, ER 9 and 10. ER 9 and 10, okay. Again, I'm not contending she specifically said, I'm addressing disparities in sentencing with respect to this argument, but I think, again, implicitly the 3553 analysis did apply there as exercised by the district court. Even though she never mentioned it. Correct. Now, she did obviously mention it throughout her order. She acknowledged she had the discretion, I think, to consider it. Obviously, that was in response. She never even did the calculations, so she couldn't really have considered it. She did not do the calculations. That's correct, Judge Persin. She didn't know what she was comparing it to. She did not know what she was comparing it to, but it's fair to say that when she recognized that two prior convictions were vacated, his criminal history would be significantly lower, not as lower as it was in Roper, by the way, which involved a career offender guideline enhancement. I think she did acknowledge that it would be lower, but, again, she turned to the 3553 factors, exercised her discretion appropriately so, and focused on the seriousness of the offense with respect to Mr. Romo and found that his reduced sentence of 162 months was sufficient but not greater than necessary. Are there any further questions? We'd ask the court to remain. All right. Thank you, counsel. Thank you. Thank you, Your Honors. Just the structure of this policy statement, first consider 3553A, then consider whether there are extraordinary compelling circumstances. Are you talking about the current one? Which policy statement? Pardon me, Your Honor. I'm talking about policy 1B1.13. Under both the current one and the 2021 version of the statement, the law requires the court to first look at the- Where does it say that? I don't understand how you can do that because you're not having a resentencing unless you're reopening the sentence and you're only reopening the sentence if it's extraordinary and compelling, so how can you do 3553A first? Your Honor, I've got the guideline in front of me. The court may reduce-this is subsection A of the 2023 amendment. It's subsection 1, or it's the preamble, I guess, of the 2021 version. The court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. 3553A, to the extent they are applicable, the court determines that extraordinary and compelling circumstances exist. The defendant is not a danger to the community, and the reduction is consistent with this policy statement. It doesn't require the court to make a finding under 3553A. It requires them to-it requires the court to analyze that first. This is a compassionate release statute. Has this defendant been sentenced to something greater than necessary to achieve these objectives? And it's clear on its face here. We have invalidated convictions. We would have a lower guideline range for somebody standing in the same shoes today. I'm a little bit thrown off by your argument on the specific order in which the district court must consider these things in determining whether extraordinary circumstances exist. I don't know why it makes a difference in your case, whether the court has to discuss 3553A factors first or not. Ultimately, the district court went through all the 3553A factors, right? The district court acknowledged that his argument is that the guideline range would have been lower. So explain to me again why the order of consideration really makes a difference in your case? Your Honor, I think it's interesting that the statute requires the court to do that first and then examine extraordinary and compelling circumstances. It doesn't make-require them to make a finding under-pardon me, Your Honor. No, go ahead. It does not require the court to make a finding. It requires the court to analyze those factors, then look at whether extraordinary and compelling circumstances exist. But the district court did thoroughly analyze 3553A factors, which is why I'm confused by your argument. Well, Your Honor, I guess I would disagree to some extent. I mean, it analyzed the 3553A factors. It did not consider the fact that Mr. Romo was serving a sentence that was greater than necessary to achieve the objectives of that statute. And that argument was specifically made in the context of 3553A, was it? That the argument or the- The argument. The argument was made as to 355- Okay. So he didn't specifically. And your opponent acknowledged that the district court did not explicitly consider that and argued that he implicitly considered it. She implicitly considered it. Because she didn't expressly consider it in the 3553A discussion. She did not. And I guess, Your Honors, there is no finding required. I would submit to the court that that analysis colors the analysis of whether there are extraordinary and compelling circumstances. And that did not happen in this case. Thank you. All right. Thank you very much for your argument. The matter is submitted.
judges: BERZON, NGUYEN, MILLER